UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,                                :

                                                  : NOTICE OF MOTION
      -against-                                 07-CR-916 (CM)
                                                  :

WILLIAM DIAZ GONZALEZ, Defendant       :
------------------------------------------------------------------------X
SIR/MADAM

      PLEASE TAKE NOTICE, that the defendant WILLIAM GONZALEZ, by his attorney Kelley J. Sharkey, and upon the annexed affirmation and all papers and proceedings in this case, moves this Court, before the Honorable Colleen McMahon, in the United States District Court for the Southern District of New York, for an Order:

A. Suppressing statements made by William Gonzalez, pursuant to Ruler 12(b)(3) ( C ) of the Federal Rules of Criminal Procedure, on the grounds that they were involuntary and were obtained in violation of his <u>Miranda</u> rights;

B. Directing the government to provide the defendant with all exculpatory material pursuant to <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) and its progeny;

C. Requiring the government to disclose, in a timely fashion, any prior bad acts or criminal convictions that it intends to use in any manner upon the trial of the defendant;

D. Granting the defendant the right to bring further motions upon the basis of any

newly discovered information and the right to join in co-defendant's motions.


Dated: Brooklyn, New York
     January 21, 2008

                                        Yours etc.,

TO: Clerk of Court, Criminal Term     KELLEY J. SHARKEY
     United States Courthouse          26 Court Street
     500 Pearl Street                    Suite 2805
     New York New York            Brooklyn, New York 11242

     AUSA William Harrington
     One St. Andrews Plaza
     New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,                        :

                                                 :   Affirmation and Memo
                                                         of Law
            -against-                                07-CR-916 (CM)

                                                 :

WILLIAM DIAZ GONZALEZ, Defendant                 :
-----------------------------------------------------------------------X

     KELLEY J. SHARKEY affirms:

1. I am the attorney appointed to represent William Diaz Gonzalez. I make this affirmation in support of Mr. Diaz Gonzalez's motion for suppression of statements, disclosure pursuant to F.R.E. 404 (B), Brady demand, and other motions. This affirmation is based on conversations with the prosecution, the defendant, review of the indictment and discovery provided by the prosecution and other sources.

Procedural History

2. On August 29, 2007 Mr. Gonzalez was arrested by federal agents, questioned, and subsequently indicted on violations of sections 812, 841(a)(1) and 841 (b)(1)(A) of 21 U.S.C.

Motion to Suppress Statements

3. On the afternoon of August 29, 2007 William Diaz Gonzalez was arrested in the parking lot of a K Mart store located at 1998 Bruckner Blvd., Bronx, New York. He

was subsequently questioned by Federal Agents and provided the government with a lengthy and inculpatory statement. Prior to his initial questioning, Mr. Diaz Gonzalez does not remember federal agents advising him of his rights against self incrimination. Mr. Diaz Gonzalez does recall that at some point after the questioning began he was read the rights on the "Advice of Rights" form in English and directed to sign the document. Mr. Gonzalez's native language is Spanish. He does understand some English but at the time he waived his rights he did not understand the constitutional rights he was waiving, due his poor understanding of English.

4. The defense requests that these statement be suppressed since they were made in violation of Diaz Gonzalez's rights under Miranda v. Arizona, 384 U.S. 436 (1966) and the Fifth and Sixth Amendments of the United States Constitution.

5. Mr. Diaz Gonzalez's statements to law enforcement officials were not voluntary and were not given after a knowing and consensual waiver of his Miranda rights.

6. The determination of whether an accused has knowingly and voluntarily waived his Miranda rights depends on the totality of the circumstances. Fare v. Michael, 442 U.S. 707 at 725 (1979). The Court may take into consideration a suspect's, intelligence, language barriers, and other individualized factors when deciding if any Miranda waiver is knowing and voluntary. Campaniera v. Reid, 891 F.2d 1014 at 1020 (2nd Cir. 1989); United States v. Scarpa, 897 F.2d 63 at 69 (2nd Cir. 1990). Any

statements Mr. Diaz Gonzalez made or waivers he executed were not made after a knowing and voluntary Miranda waiver. (See Exhibit A, Defendant's affidavit).

Brady and other Material

7. In accordance with Fed. R. Crim. Pro. 16 and the constitutional requirements espoused in Kyles v. Whitley, ___ U.S. ___; 115 S.Ct. 1555 (1995), U.S. v. Bagley, 473 U.S. 667 (1985), U.S. v. Agurs, 427 U.S. 97 (1976), Giglio v. U.S., 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and their progeny the defense requests disclosure of all material favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial.

F.R.E. 404(B)

8. The Government may introduce evidence concerning prior bad acts of the defendant at trial.

9. In accordance with Rule 404(b) of the Federal Rules of Evidence and the constitutional requirements espoused in U.S. v. Baum, 482 F2d 1325 (2nd Cir. 1973); U.S. v. Davidoff, 845 F 2d 1151 (2nd Cir. 1988); and other authority, the defense requests that the Government disclose any and all acts which the government would seek to introduce against the defendant in such sufficient and reasonable time that the defendant may move pursuant to Rules 403 and 404(b), to preclude such evidence.

Motion To Join In Other Relevant Motions Filed by Co-Counsel

10. Counsel respectfully requests the opportunity to join other motions filed by co-counsel if relevant.

Other Motions

11. Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case.

    WHEREFORE, the defendant respectfully moves for the relief set forth herein and that the Court grant such other and further relief as it may deem just and proper.

Dated: Brooklyn, New York
       January 21, 2008

w/o enclosures (affidavit faxed to chambers and AUSA)

_____
Kelley J. Sharkey